ORIGINAL

Approved: _Daniel Nessim_
          Daniel G. Nessim
          Assistant United States Attorney

Before:   HONORABLE STEWART D. AARON
          United States Magistrate Judge
          Southern District of New York

- - - - - - - - - - - - - - - - -  x

19MAG4574

                                   :
UNITED STATES OF AMERICA           :   **COMPLAINT**
                                   :
          - v. -                   :   Violation of
                                   :   21 U.S.C. § 846
JOSE MANUEL ESTEVEZ,               :
                                   :   COUNTY OF OFFENSE:
                                   :   NEW YORK
          Defendant.               :
                                   :
- - - - - - - - - - - - - - - - -  x

SOUTHERN DISTRICT OF NEW YORK, ss.:

          WILLIAM BLANCO, being duly sworn, deposes and says that
he is a Special Agent with the Drug Enforcement Administration
("DEA") and charges as follows:

                           COUNT ONE
                    (Narcotics Conspiracy)

          1.    In or about May 2019, in the Southern District of
New York and elsewhere, JOSE MANUEL ESTEVEZ, the defendant, and
others known and unknown, intentionally and knowingly did combine,
conspire, confederate, and agree together and with each other to
violate the narcotics laws of the United States.

          2.    It was a part and an object of the conspiracy that
JOSE MANUEL ESTEVEZ, the defendant, and others known and unknown,
would and did distribute and possess with intent to distribute a
controlled substance, in violation of Title 21, United States Code,
Section 841(a)(1).

3. The controlled substance that JOSE MANUEL ESTEVEZ, the defendant, conspired to distribute and possess with intent to distribute was one kilogram and more of mixtures and substances containing a detectable amount of heroin, in violation of Title 21, United States Code, Section 841(b)(1)(A).

(Title 21, United States Code, Section 846.)

The bases for my knowledge and for the foregoing charge are, in part, as follows:

4. I am a Special Agent with the DEA and I have been personally involved in the investigation of this matter. This affidavit is based upon my personal participation in the investigation of this matter, and my conversations with law enforcement officers, law enforcement employees, and witnesses, as well as a review of documents. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

5. Based on my participation in this investigation, including my review of documents, and my conversations with other law enforcement officers, I have learned, in substance and in part, that:

a. By analyzing the toll records of a phone belonging to an individual known to be involved in narcotics trafficking ("Telephone-1"), I and other law enforcement officers identified a New York-based phone number ("Telephone-2"). Based on an analysis of Telephone-2's toll records and patterns of communications, I and other law enforcement officers suspected the user of Telephone-2 to be involved in narcotics trafficking.

b. On or about May 10, 2019, an undercover law enforcement officer (the "UC") placed a phone call to Telephone-2 and had a conversation with an individual later identified as JOSE MANUEL ESTEVEZ, the defendant. On this phone call, the UC and ESTEVEZ discussed, in substance and in part, drug proceeds. The UC pretended to be an individual who would assist ESTEVEZ in picking up, transporting, and laundering drug proceeds. ESTEVEZ told the UC, in substance and in part, that he had $80,000 in drug proceeds to deliver. ESTEVEZ and the UC made plans for ESTEVEZ to meet the UC in the vicinity of 23rd Street and Ninth Avenue in Manhattan so that ESTEVEZ could deliver the $80,000. ESTEVEZ also

2

told the UC, in substance and in part, that he would be driving a black Ford Focus (the "Vehicle").

c.      At approximately 9:00 p.m. on or about May 10, 2019, I and other law enforcement officers conducting surveillance in the area of the planned meet observed the Vehicle make a left turn from Tenth Avenue onto 27th Street without signaling.  I and other law enforcement officers conducted a traffic stop of the Vehicle.  The Vehicle was driven by an individual (the "Driver"), and ESTEVEZ was seated in the Vehicle's passenger seat.  I and other law enforcement officers asked the Driver for consent to search the Vehicle, which the Driver provided.  During the search, I and other law enforcement officers located approximately $80,000 in cash stored in a box in the Vehicle's trunk.  I and other law enforcement officers thereafter placed ESTEVEZ and the Driver under arrest and transported them back to the DEA office.

d.      Once back at the DEA office, I and other law enforcement officers advised ESTEVEZ of his *Miranda* rights. ESTEVEZ waived his *Miranda* rights, agreed to speak with law enforcement, and written provided consent to search the two cellular phones he was carrying (the "Phones").

e.      ESTEVEZ told the law enforcement officers, in substance and in part, that (i) the money recovered from the Vehicle was the proceeds from drug sales and (ii) there was $80,000 in the Vehicle.

f.      I and other law enforcement officers reviewing the Phones observed photographs of kilogram-quantities of narcotics.  I and other law enforcement officers asked ESTEVEZ, in substance and in part, where he lived and if there were narcotics in his home.  ESTEVEZ provided a home address in Upper Manhattan (the "Apartment") and denied that narcotics were stored there. ESTEVEZ also provided verbal consent to search the Apartment.

g.      I and other law enforcement officers traveled to the Apartment.  An individual who identified herself as ESTEVEZ's wife answered the door the door and provided us with verbal and written consent to search the Apartment.

h.      I and other law enforcement officers searched the Apartment.  During the search of the Apartment's bedroom we located, among other things, several approximately one-kilogram bricks of an off-white powdery substance (the "Bricks"); loose quantities of the same off-white powdery substance (together with the Bricks, the "Narcotics"); and milling tools, bags, and other

3

items, which, based on my training and experience, I know to be items used to process, package, and distribute narcotics.

i. I and other law enforcement later weighed the Narcotics and learned that the Narcotics weighed approximately seven kilograms.

j. Based on my training and experience, considering the color, appearance, and smell of the Narcotics, I believe the Narcotics consist of heroin.

WHEREFORE, deponent respectfully requests that JOSE MANUEL ESTEVEZ, the defendant, be imprisoned or bailed, as the case may be.

William Blanco
Special Agent
Drug Enforcement Administration

Sworn to before me this
13th day of May, 2019

THE HONORABLE STEWART D. AARON
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

4